Br.inker.hoff, C. J.
It is important to notice the position which these plaintiffs occupy in relation to this note. The note is not on áts face payable to bearer, and so transferable by delivery merely, *230 but to the order of Mitchell, Hai’skbarger & Co., that is, to Mitchell,. Harshbarger & Co., or to whomsoever they should indorse it They have never indorsed it at all. It has passed out of their-hands by delivery only; and so, through Williams, and by his indorsement, to the plaintiffs. The plaintiffs, therefore, have not a strictly legal title to the note. They are the ^holders of the note' with an equitable title only; and, under the old system of procedure could not sue upon it in their own names, but only in the names of the payees. The consequence is, that these plaintiffs can not claim the exemption from equities existing between prior parties, which the law ordinarily gives to indorsees of commercial paper before due. They stand simply in the shoes of the payees, Mitchell, Harshbarger & Co.,’and subject to all the equities existing-between the original parties to the-note, and are affected by the-notice which those payees had of the actual contract between Mickey and.Leyman. Had there been no special stipulation between Mickey and Leyman as to the responsibilities to be incurred by the indorsement of the former, or, possibly, had the-payees, at the time they received the note, been ignorant of such special stipulatibns, Mickey would, under the settled doctrine of the Ohio eases, have been held, in favor of the payees, as a guarantor of the note. Greenough v. Smead, 3 Ohio St. 415. But, the answer avers, and the demurrer admits, that Mickey, when the note was executed, “ refused to assume the obligations of a maker, but did assume the obligations of an indorser, and only those of an indorser ; ” and that this “ all the original parties to the note well knew.” And this state of facts might, if necessary, be shown by parol proof. Greenough v. Smead, supra. The plaintiffs, then being the owners in equity only of this note, are bound- by this original contract, and by the notice of it to the original jiarties, among whom are Mitchell, Harshbarger & Co., the payees.
Now what is comprehended in this contract by Mickey to be responsible as an indorser, and that only ?
Tie can not be an indorser until the note is indorsed ; and it could be indorsed only by the payees putting their names upon the back of it, and thus transfering the note to some third party. This has never been done.
In order to have made Mickey’s contract of indorsement regularly effectual, the payees should have indorsed *their names above that of Mickey, and then, on its delivery to Williams, and *231 on Williams’ indorsement to the plaintiffs, Mickey might, on due demand and notice, have been made liable to the plaintiffs, as a second indorser, in accordance with the terms of his contract. But, on the state of facts presented in this record, we see no way in which the plaintiffs can recover, without holding Mickey to a responsibility beyond the terms and spirit of his agreement.
Demurrer to answer overruled, and cause remanded, with leave to plaintiffs to reply, or to amend petition.
Scott, Sutlirr, Peok, and G-holson, JJ., concurred.